IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HOMESTEADERS LIFE COMPANY,**

    **Plaintiff,**

v.                                                     Case No. 3:15-cv-12544

**GATENS-HARDING FUNERAL
HOME, INC., et al.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's motion for reimbursement of fees and costs incurred in bringing a successful motion to compel. (ECF No. 22). As instructed, Plaintiff has supplied an affidavit itemizing the time spent on the motion. (ECF No. 27). Defendants were given fourteen days after Plaintiff filed its affidavit in which to file objections to the proposed fees and to an award of fees in general. (ECF No. 25). The time for filing objections has expired without opposition from Defendants. Accordingly, for the reasons that follow, the Court **GRANTS** Plaintiff's request for reimbursement of fees and costs in the amount of One Thousand Three Hundred Forty One Dollars and Fifty Cents. **($1,341.50)**.

When calculating an award of reasonable fees and costs pursuant to Fed. R. Civ. P. 37(a)(5), the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549

F.3d 313, 320 (4th Cir. 2008)). The United States Court of Appeals for the Fourth Circuit has identified twelve factors to consider when making this determination, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

Beginning with the hourly rate, the Court notes that Plaintiff is represented by a young associate attorney and a more seasoned partner, both of whom participated in drafting the motion to compel. These attorneys work in a respected law firm located in Charleston, West Virginia and, according to the firm's website, have excellent training with skills and experience that, at a minimum, equal other lawyers of similar specialty and length of practice. Nonetheless, the disputed discovery issues are not particularly novel or difficult and are similar to those issues routinely faced by attorneys practicing general litigation. Therefore, a reasonable hourly rate in this case would be one consistent with the market rate of a general litigator practicing within the Southern District of West Virginia. *See Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). The duty to provide evidence of the prevailing hourly rate rests with the party seeking an award of fees. *Id.* Here, Plaintiff offers no evidence of the prevailing hourly rates in the market. Despite that failure, the Court is disinclined to delay its ruling in order to receive

evidence from Plaintiff regarding the current rates generally charged by litigators; particularly, as guidance is available by looking at other fee awards granted in the Southern District of West Virginia.

For example, in March 2016, District Judge Irene C. Berger found an hourly rate of $250 to be reasonable in a product liability action.[1] In 2015, in a civil rights action, Chief District Judge Robert C. Chambers awarded attorneys' fees based on hourly rates ranging from $225 to $500, depending upon each attorney's level of experience and specialization of services.[2] In March 2014, District Judge John T. Copenhaver, Jr. agreed that $250 per hour was generally accepted as a reasonable rate and awarded that amount in an action alleging unfair debt collection practices.[3] In March 2013, District Judge Thomas E. Johnston determined that hourly rates of $375, $175, and $160 were appropriate in a predatory lending case.[4] Similarly, in March 2011, District Judge Joseph R. Goodwin accepted the hourly rates of $190 and $175 requested by the attorneys of the prevailing party, based upon the affidavits of three local attorneys uninvolved in the litigation, who commented on prevailing market rates, as well as recent awards in comparable cases.[5] In February 2011, Judge Chambers determined that an hourly rate of $225 was appropriate in an ERISA action in view of the attorney's

---

[1] *Wellman v. Ford Motor Company, et al.,* Civil Action No. 5:15-cv-03010, 2016 WL 1056594, at * 2 (S.D.W.Va. Mar. 16, 2016)

[2] *McGhee v. Cole*, 115 F. Supp.3d 765, 775 (S.D.W.Va. 2015).

[3] *Finney v. MIG Capital Management Inc.,* Civil Action No. 2:13-02778, 2014 WL 1276159, at *15 (S.D.W.Va. Mar. 7, 2014).

[4] *Koontz v. Wells Fargo N.A.,* Civil Action No. 2:10–cv–00864, 2013 WL 1337260, at *18 (S.D.W.Va. March 29, 2013).

[5] *Stalnaker v. Fidelity and Deposit Company of Maryland,* Civil Action No. 2:10–cv–00964, 2011 WL 1113407, at *2 (S.D.W.Va. Mar. 25, 2011).

limited length of practice (six years) and his lack of experience in ERISA disputes (this was his first such case).[6] In January 2011, Judge Copenhaver approved, as reasonable, hourly rates of $350, $335, and $215 in an environmental protection action, commenting on the specialized experience of the attorneys and the expertise required by the nature of the case.[7] In June 2010, Judge Chambers found hourly rates of $350, $275, and $175 to be reasonable in a predatory lending case, in part due to the specialized experience of the attorneys and in part due to prior fee awards in similar cases involving the same attorneys.[8] In March 2010, Magistrate Judge R. Clarke Vandervort found an hourly rate of $225 to be reasonable in an action brought under the United Services Employment and Reemployment Rights Act of 1994 ("USERRA") after considering the affidavits of two local attorneys, who stated that the hourly rate typically charged by attorneys in this type of litigation ranged between $200 and $300.[9]

In view of these awards and counsel's level of skill and experience, the Court finds Mr. Fisher's hourly rate of $185 to be appropriate. In regard to Mr. Macia's hourly rate of $315, while the undersigned has previously found this precise rate to be excessive for similar review work, three years have passed since that prior decision. Taking into account Mr. Macia's qualifications and length of practice, noting that his role in this

---

[6] *Frye v. Metropolitan Life Insurance Company,* Civil Action No. 3:10–0107, 2011 WL 466686, at *3 (S.D.W.Va., Feb. 4, 2011).

[7] *West Virginia Highlands Conservancy, Inc. et al. v. Huffman,* Civil Action No. 2:07–0410, 2011 WL 90163, at *4 (S.D.W.Va., Jan. 10, 2011).

[8] *Watkins v. Wells Fargo Home Mortgage,* Civil Action No. 3:08–0132, 2010 WL 2486247, at *3 (S.D.W.Va., Jan 15, 2010). Judge Chambers noted that in June 2006 the Court had awarded fees to the same lawyers based upon hourly rates of $300 and $225, and the Circuit Court of Roane County, West Virginia had approved their requested hourly rates of $400 and $300 in October 2009.

[9] *Mills v. East Gulf Coal Preparation Company, LLC,* Civil Action No. 5:08–0260, 2010 WL 1050359, at *6 n.3 (S.D.W.Va.). Magistrate Judge Vandervort also noted that this hourly rate was at the high end of reasonable in the Beckley legal community.

matter is supervisory, and average hourly rates have increased in the last three years, the Court finds an hourly rate of $315 to be within the reasonable range, albeit at the top end of the range for routine discovery matters.

Having determined that the hourly rates requested are reasonable, the Court must examine the reasonableness of the number of hours expended on the Motion to Compel. The itemization provided by Plaintiff's counsel indicates that Mr. Fisher spent 6.4 hours drafting the motion to compel and supporting memorandum. Mr. Macia spent .5 hours revising the motion to compel prior to filing. "When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or otherwise unnecessary." *Allen v. Monsanto Company,* 2007 WL 1859046 at *2 (S.D.W.Va., June 26, 2007) (citing *Hensley y v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . .'" *Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting *Hensley,* 461 U.S. at 434)). In addition, the Court may reduce an award of reasonable fees and expenses to account for the parts of a motion to compel that are denied. Fed. R. Civ. P. 37(a)(5)(C). Having reviewed the motion, memorandum, and exhibits, the Court finds that Plaintiff is entitled to reimbursement for all of the time spent on the motion. Putting together the chronology and writing the memorandum obviously took some time, and the motion was entirely successful. It does not appear that the time spent by Plaintiff's counsel was excessive, redundant, or unnecessary. Accordingly, it is hereby **ORDERED** that within **twenty (20) days** of the date of this Order Defendants (or their counsel, as may be appropriate under the circumstances)

shall pay Plaintiff (or its counsel, as may be appropriate under the circumstances) reasonable fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5) in the amount of One Thousand Three Hundred Forty One Dollars and Fifty Cents. **($1,341.50)**.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** May 3, 2016

Cheryl A. Eifert
United States Magistrate Judge