IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HOMESTEADERS LIFE COMPANY,
a foreign corporation,

                Plaintiff,

v.                                            CIVIL ACTION NO.   3:15-12544

GATENS-HARDING FUNERAL HOME, INC.,
a West Virginia corporation,
CHAD R. HARDING, an individual, and
BILLIE J. HARDING, an individual,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' request to waive payment of fees imposed upon them as mandatory sanctions under Federal Rules of Civil Procedure 16 and 37. ECF No. 39. For the following reasons, the Court **DENIES** Defendant's request to waive fees.

**I.    Background**

Tacitly, Defendants have refused to participate in almost every part of this case, which is based on fraud in the funeral home business. Defendants answered the Complaint but did not provide initial disclosures, failed to produce discovery responses, never responded to a motion to compel disclosures and responses, disobeyed the resulting discovery order, and were silent when Plaintiff requested default judgment as a sanction for Defendants' disobedience. Accordingly, default judgment was entered against Defendants. ECF No. 38. And pursuant to Federal Rules 16(f)(2) and 37(b)(2)(C), the Court warned Defendants they would have to pay the costs and fees incurred by their noncompliance with the Federal Rules and this Court's Orders, unless Defendants

could show substantial justification or other circumstances exist that make awarding costs and fees unjust. Now that costs and fees have been levied against them, Defendants and their Counsel respond in defense.

## II.     Legal Standard

When a party fails to comply with a discovery order, the court where the action is pending must order the disobedient party, its attorney, or both to pay reasonable expenses, including attorney's fees, caused by the failure to comply, unless the failure was substantially justified or other circumstances exist making award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). Federal Rule of Civil Procedure 16 provides an identical mandatory fee sanction for failing to comply with that Rule. Fed. R. Civ. P. 16(f)(2). The disobedient party seeking relief from a mandatory fee sanction bears the burden of proving that its failure was substantially justified, or that imposing compensatory monetary sanctions would be unjust for some other reason. *Burkett ex rel. Estate of Burkett v. AIG Claim Servs., Inc.*, 244 F.R.D. 328, 331 (N.D.W. Va. 2005) (citing *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994)). While district courts possess broad discretion in the substantial justification inquiry, a disobedient party often meets its burden by showing its disobedience: (1) was based on a good faith, reasonable misunderstanding of its obligations pursuant to the order, *see Pierce v. Underwood*, 487 U.S. 552, 565 (1988), (2) was not serious and caused no prejudice to other parties, *see Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (noting disobedience to discovery order should be serious or a total failure to respond, and directing district courts to consider prejudice), or (3) was attributable entirely to forces beyond the party's control, *see Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 781 (9th Cir. 1983) (ruling civil sanction not warranted where party had no ability to comply with order by returning lost documents). Other circumstances making award of expenses unjust are few,

and they arise usually when a litigant is proceeding pro se, or when the disobedient party is indigent.

### III. Discussion

In this case, Defendants proffer several reasons as substantial justifications for their noncompliance, and they argue that requiring Defendants to pay for the cost of their noncompliance would be unjust. The Court is unpersuaded by their proffered justifications and other arguments.

Defendants explain that the alleged fraud giving rise to this action has spurred a series of related civil and criminal cases being lodged or threatened against them and other individuals. Defending these actions has put Defendants in the proverbial poor house, requiring them to prioritize their limited financial resources. Defendants prioritized their resources by restricting attorney's fees and costs. Additionally, Defendants state that throughout the pendency of this case, they have continued to negotiate with Plaintiff regarding a resolution of this dispute. Defendants believe that they have reached a settlement with Plaintiff, and that waiving the fees and costs levied against Defendants for their failure to comply with the Federal Rules and this Court's Orders would give Defendants more cash to settle other cases pending against them. In sum, Defendants argue that requiring them to pay fees and costs for their noncompliance would greatly, adversely impact their ability to defend other cases—cases which threaten their livelihood. Defendants also argue that requiring Defense Counsel to pay these fees and costs would be inequitable because Counsel has represented Defendants at a substantially reduced rate and in a manner consistent with their financial means and directives.

None of Defendants proffered reasons substantially justifies their blatant noncompliance. The Court is sensitive to Defendants' circumstance of defending an onslaught of suits. Defendants'

manner of prioritizing resources to deal with that onslaught, however, inappropriately shifted costs onto Plaintiff and this Court. Several other options available to Defendants would have prevented the need for considering and imposing sanctions. For instance, Defendants could have asked to stay this action while criminal charges were resolved. Instead, Defendants waited until after discovery orders were issued and sanctions imposed to inform the Court about these other cases and Defendants' financial constraints. Waiting so long to deal with this case has saved Defendants some money, no doubt, but it also cost the Court and Plaintiff financial resources and time, specifically the money and time needed to prepare motions and orders necessitated by Defendants' failure to comply. On this basis, Defendants' failure to comply was not substantially justified.

The same considerations indicate it would not be unjust to require Defendants or their Counsel to pay the cost imposed upon Plaintiff by Defendants' noncompliance. On the contrary, it would be unjust to require that Plaintiff shoulder costs of Defendants' effort to save money by neglecting to defend this case. As for Defense Counsel, his decision to offer representation at a reduced rate, while commendable, does not shield Counsel from his own failure to assure that his client was defended in this case.

Moreover, any person injured by violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, (the "RICO Act") may recover, among other things, the cost of suit, including reasonable attorney's fees. 18 U.S.C. § 1964. Hence, even if awarding attorney's fees were unwarranted as a sanction, ordering Defendant to pay the attorney's fees and costs of their noncompliance would be warranted under the RICO Act.

### IV. Conclusion

For the above reasons, the Court **DENIES** Defendant's request to waive fees. As for the amount of the fee sanction, Plaintiffs have already provided the Court with evidence of their

attorney's fees and costs incurred in bringing this litigation, which presumably includes the attorney's fees and costs resulting from Defendants' noncompliance. If it does not include the attorney's fees and cost of Defendants' noncompliance, the Court **DIRECTS** Plaintiff to submit, within thirty days from the date of this Order, a motion substantiating its costs and fees pursuant to the factors enumerated in *Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir.2009). Once the Court reviews and determines the reasonableness of Plaintiffs' costs and fees, an appropriate order shall be issued.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

      ENTER:    August 8, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE