**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

HOMESTEADERS LIFE COMPANY,
a foreign corporation,

                  Plaintiff,

v.                              CIVIL ACTION NO.   3:15-12544

GATENS-HARDING FUNERAL HOME, INC.,
a West Virginia corporation,
CHAD R. HARDING, an individual, and
BILLIE J. HARDING, an individual,

                  Defendants.

**MEMORANDUM OPINION AND ORDER**

Following default judgment in its favor, Plaintiff Homesteaders Life Company requests a judgment order pursuant to Federal Rule of Civil Procedure 55. ECF No. 40. For the reasons and to the extent below, the Court **partially GRANTS** and **partially DENIES** Plaintiff's request.

On June 28, 2016, the Court granted default judgment against Defendants and ordered Plaintiff to submit evidence supporting the relief requested in the Complaint. ECF No. 38. Plaintiff submitted the instant Motion, which seeks prejudgment interest on treble damages requested for Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962. The Motion lacks information about the authority and calculation for awarding prejudgment interest on the RICO treble damage award. For that reason, the Court ordered Plaintiff to supplement the Motion, ECF No. 45, which Plaintiff did, ECF No. 48.

Considering the Complaint's prayer for relief, ECF No. 1, the instant Motion with supplementation, ECF. Nos. 40, 48, and attachments to the instant Motion, including an affidavit

from Plaintiff's executive vice president and general counsel, certain contracts executed by Defendants, and logs of attorney's fees and costs, the Motion properly supports all of Plaintiff's requested damages, except prejudgment interest sought on the RICO treble damage award.

Prejudgment interest on Plaintiff's RICO treble damage award is not appropriate in this case. The RICO statute is silent on whether prejudgment interest is available to a prevailing plaintiff. *See* 18 U.S.C. § 1961, *et seq.*; *Masco Corp. v. Bennett*, No. 3:08-161-RJC-DCK, 2010 WL 1405136, at *3 (W.D.N.C. Mar. 31, 2010) (citing *Bingham v. Zolt*, 810 F.Supp. 100, 101 (S.D.N.Y.1993)). At least one court has recognized prejudgment interest on RICO damages may be awarded if "the treble damages do not adequately compensate the plaintiff[,] or the defendant acted unreasonably and unfairly to delay or obstruct the course of litigation." *Panix Prods., Ltd. v. Lewis*, No. 01-cv-2709, 2003 WL 21659370, at *3 (S.D.N.Y. Jul.15, 2003). In this case, the treble damages adequately compensate Plaintiff for its losses, including attorney's fees and costs incurred, resulting from Defendants' unlawful conduct. Although Defendant's noncompliance with Orders and the Federal Rules of Civil Procedure resulted in delaying this litigation, Defendants' noncompliance has already been addressed by sanctions in the form of default judgment. For this reason, prejudgment interest will not be awarded on Plaintiff's RICO treble damage award.

Nonetheless, it is appropriate to award prejudgment interest on the compensatory damages for Plaintiff's West Virginia fraud claim. State law determines the availability and amount of pre-judgment interest on state law claims. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (state law governs award of pre-judgment interest in diversity case). Claim 1 of the Complaint alleges Defendants committed fraud under West Virginia law by defrauding Plaintiff through materially false representations. The false representations consisted of reports

that 111 individuals insured with death benefits provided by Plaintiff had died and received funeral goods and services from Defendants. In total, Defendants defrauded Plaintiff of $919,287.44 over a ten-year period. Diversity jurisdiction and supplemental jurisdiction provide the Court with power to hear Plaintiff's West Virginia fraud claim. As Plaintiff points out, West Virginia law provides for pre-judgment interest on special and liquidated damage awards. *See* W. Va. Code § 56–6–31(a). A pre-judgment interest rate of 7% applies to Plaintiff's fraud damage award. W. Va. Code § 56–6–31(b). Under a simple interest calculation, the Court first finds the amount of annual interest on the principal amount equals $64,350.12.[1] The total time elapsed between the accrual date (August 19, 2015) and the date of judgment (June 28, 2016) equals 0.8949 years.[2] Accordingly, the total amount of pre-judgment interest owed by Defendants is $57,586.92.[3]

For the reasons and to the extent above, the Court **partially GRANTS** and **partially DENIES** Plaintiff's Motion for entry of a judgment order pursuant to Federal Rule of Civil Procedure 55. The Motion and its attachments properly support all of Plaintiff's requested damages, except for prejudgment interest sought on the RICO treble damage award. Nonetheless, it is appropriate to award prejudgment interest on Plaintiff's West Virginia fraud claim. Accordingly, the Court **ENTERS** the accompanying Judgment Order consistent with this Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Opinion and Order to counsel of record and any unrepresented parties.

ENTER:      August 8, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE

---

[1] Interest rate (0.07) * principal amount of damages ($919,287.44) = $64,350.1208, which rounds to $64,350.12.

[2] 315 days/352 days = 0.8948863 years, which rounds to 0.8949 years.

[3] .8949 years * $64,350.12 = $57,586.922388, which rounds to $57,586.92.